

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge John J. Tharp |
| | ) | |
| ELSTON STEVENSON | ) | No. 18 CR 116 |
| | ) | |

## PLEA DECLARATION

The defendant, ELSTON STEVENSON, after extensive consultation with his attorney, SERGIO F. RODRIGUEZ acknowledges and states the following:

1. He has been charged in a one-count indictment charging him with being a felon in knowing possession of a firearm, after previously having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1) and 924(e). The indictment also contains a forfeiture allegation, to which he is not contesting.

2. He has read Count One contained in the indictment, and that charge has been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged. Specifically, it is Mr. Stevenson's understanding that the following are the elements of an offense under 18 U.S.C. §922(g)(1), which would

1

have to be proven if this count proceeded to trial:

(a) the government must prove that the defendant knowingly possessed a firearm; and

(b) the government must prove that at the time of the prohibited act, the defendant had been convicted of a crime punishable in excess of a year; and

(c) the government must prove that the firearms had previously been transported in or affecting interstate or foreign commerce.

4. He will enter a voluntary plea of guilty to the charge in the indictment.

Factual Basis

5. He will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, Mr. Stevenson acknowledges the following facts to be true:

On or about November 22, 2017, Mr. Stevenson knowingly possessed in and affecting interstate commerce a firearm, namely a Harrington & Richardson, .32 caliber firearm which firearm had travelled in interstate commerce prior to the defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1) and 9924(e).

Specifically, on or about November 22, 2017, Mr. Stevenson acknowledges he knowingly possessed the above-mentioned firearm. Ms. Stevenson was arrested with

the firearm by Police Officers in Evergreen Park, Illinois, which is in the Northern District of Illinois.

Next, Mr. Stevenson acknowledges that at the time he possessed the firearm, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

Finally, the government has provided documents to Mr. Stevenson that establish that the firearm that he possessed was manufactured outside of the state of Illinois. Because the firearm was recovered in Evergreen Park, Illinois, at some point the firearm traveled in and affected interstate commerce.

Potential Penalties

6. Mr. Stevenson understands that the charge contained in the indictment carries a maximum incarceration sentence of ten years and a maximum fine of $250,000. If it is determined that he is an "Armed Career Criminal" the maximum sentence would be life and the mandatory minimum sentence would be 15 years imprisonment. Mr. Stevenson also understands that the charge carries a term of supervised release of up to three years. It is Mr. Stevenson's position at this time that he does not have the predicate convictions to qualify him for the application Armed Career Criminal statute in his case.

7. Mr. Stevenson understands that in accord with federal law, 18 U.S.C. §3013, upon entry of judgment of conviction, he will be assessed $100 on the

count to which he has pled guilty, in addition to any other penalty imposed.

Guidelines Calculations

8. Mr. Stevenson understands that the guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 will apply to his case. Mr. Stevenson is aware that the government believes that the following guidelines might apply to his case:

(a) The government believes that the base offense level for Count One is 20 pursuant to §2K2.1(a)(4)(A) because Mr. Stevenson committed the offense subsequent to sustaining at least one felony conviction for a crime of violence. Defendant does not take a position as to the appropriate base offense level at this time.

(b) The government also believes that a further four-level enhancement applies pursuant to § 2K2.1(b)(6) because it believes that the defendant used the firearm in connection with another felony offense. Defendant does not take a position as to this enhancement at this time.

(c) The government further believes that Mr. Stevenson is subject to the Armed Career Criminal under the provisions of 18 U.S.C. 924 (e) and 922(g). Under the government's calculations, the offense level applying this enhancement is 33.

(d) It is Mr. Stevenson's position that he has accepted responsibility for

4

his actions and has done so in a timely manner. Therefore, it is the defendant's position that a three level reduction is appropriate under §3E1.1(a) & (b).

(e) The government believes that Mr. Stevenson is likely in a criminal history category IV. Defendant does not take a position as to his proper criminal history category at this time.

(f) An adjusted offense, as calculated by the government, of level 30 coupled with a criminal history category IV results in a possible guideline range of 135 to 168 months imprisonment. This range is advisory, and the Court has the discretion to sentence Mr. Stevenson above or below this sentencing range. In addition, as stated earlier, if the defendant is found to qualify for the Armed Career Criminal Provisions, the statutory minimum sentence of 15 years (180 months) applies. Again, Mr. Stevenson does not take a position on this at this time.

9. Mr. Stevenson understands that the probation office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

Trial Rights and Appellate Rights

10. Mr. Stevenson understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him,

he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses, and his attorney would be able to cross examine them. In turn, defendant could present witnesses and other

evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and thus need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

11. Mr. Stevenson understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Stevenson admits he is guilty and agrees that he should be found guilty. Mr. Stevenson's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Stevenson further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and he only may appeal the validity of this plea of guilty, the ineffective assistance of counsel, or the sentence.

Limitations and Consequences of this Plea Declaration

12. Mr. Stevenson understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding these charges and related matters,

including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Stevenson further understands that he will be able to present evidence in mitigation for sentencing.

13. Mr. Stevenson understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they deem appropriate.

14. Mr. Stevenson understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Stevenson understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

15. Should this Court refuse to accept Mr. Stevenson's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

16. Mr. Stevenson agrees that this Plea Declaration shall be filed and become part of the record of the case.

17. Mr. Stevenson and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty to Count One. Mr. Stevenson further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this __18th__ day of September, 2018

_____
Elston Stevenson, Defendant

FEDERAL DEFENDER PROGRAM
John F. Murphy,
Executive Director

By: _____
Sergio F. Rodriguez
Attorney for Defendant

JOHN MURPHY,
SERGIO RODRIGUEZ
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300